**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BISNO DEVELOPMENT ENTERPRISE, LLC, | No. 14-57008 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-07961-R-PJW |
| v. | |
| BARRY LEVINE, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel J. Real, District Judge, Presiding

Argued and Submitted November 9, 2016
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Bisno Development Enterprise, LLC ("BDE") appeals from summary

judgment granted to defendants Barry Levine, Ari Schottenstein, Protilus

Investors, LLC, Illus Investors, LP, Ilus GP US, LLC, Ridgemount Investments,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Inc., Alex Iscoe, and David Ulmer (collectively "Levine defendants"), which rejected its California state law claims of intentional interference with contract and quantum meruit. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

BDE contends that it had an agreement with Vineyard Development Inc. ("VDI") under which it was entitled to receive a share in the profits from the development of certain property in Santa, Ana, California. BDE further argues that, by causing the dissolution of a venture between VDI and the Levine defendants to develop this property, the Levine defendants interfered with its agreement with VDI.

But, in order to bring an intentional interference with contract claim, BDE must first demonstrate that it had enforceable contract with VDI. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589–90 (Cal. 1990). BDE acknowledges that the record does not contain such a written agreement; nonetheless it contends that various documents in the record demonstrate the existence of an oral agreement. BDE points to the declaration of Ryan Ogulnick, the owner of VDI, who stated that he made an oral agreement under which "BDE might be eligible for a discretionary success bonus—at [his] sole and absolute

2

discretion." Such a discretionary agreement is unenforceable, however, because there is no way to determine if there has been a breach. *See Moncada v. W. Coast Quartz Corp.*, 164 Cal. Rptr. 3d 601, 609–10 (Cal. Ct. App. 2013); *Ladas v. Cal. State Auto. Ass'n*, 23 Cal. Rptr. 2d 810, 814–15 (Cal. Ct. App. 1993). Other documents in the record also fail to provide the terms of an enforceable agreement. Thus, BDE cannot recover for intentional interference with contract.

## II

Alternatively, BDE argues that it should be entitled to recovery in quantum meruit. Yet, BDE has failed to provide evidence of actual damages. The parties do not dispute that BDE received $8,000/month under a separate contract with VDC at The Met, LLC ("VDCATM"), the corporate entity created by VDI and the Levine defendants to develop the property. BDE contends that its services increased the value of the property, entitling it to further compensation. However, under California law, plaintiffs cannot base recovery on the amount of the benefit conferred on defendants. *Maglica v. Maglica*, 78 Cal. Rptr. 2d 101, 105–06 (Cal. Ct. App. 1998).

Further, BDE failed to confer a direct benefit upon the defendants, another requirement of California law. *See id.* at 104. It was hired to provide services to VDCATM, which is not a party to this litigation. BDE requests that we remand the

case to allow it to amend its complaint to allege that the defendants were alter egos of VDCATM. However, it has waived its ability to make this request by not presenting it to the district court or raising it in its opening brief before our court. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Thus, BDE's request for relief in quantum meruit also fails.

**AFFIRMED.**